IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON DEAN TURNER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-1166-D |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Brandon Dean Turner, by and through his attorney, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

On January 22, 2007, petitioner pled guilty to aggravated sexual assault of a child and was sentenced to 25 years confinement. No appeal was taken. Instead, petitioner filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Turner*, WR-70,085-01 (Tex. Crim. App. Jul. 9, 2008). Petitioner then filed this action in federal district court.

II.

In two grounds for relief, petitioner contends that his guilty plea was involuntary and that he received ineffective assistance of counsel.

Respondent has filed a preliminary response which suggests that this case may be time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner addressed the limitations issue in a reply filed on October 6, 2008. After considering the pleadings and the state court record, the court determines that this case should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years in prison for aggravated sexual assault of a child. Judgment was entered on January 22, 2007, and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on February 21, 2007. *See* TEX. R. APP. P. 26.2. Petitioner filed an application for state post-conviction relief on March 14, 2008. The writ was denied on July 9, 2008. That same day, petitioner filed this action in federal court.

The AEDPA statute of limitations started to run on February 21, 2007 when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited 387 days before properly filing an application for state post-conviction relief. In an attempt to excuse this delay, petitioner alleges that his attorney mailed an application for writ of habeas corpus to the Dallas County district clerk on February 15, 2008--six days before the limitations period expired. On March 5, 2008, the clerk returned the writ because it was filed on the wrong form. When counsel received notice of this action on March 6, 2008, she immediately corrected the error and mailed a revised writ in proper form to the district clerk. The writ was received and filed by the clerk on March 14, 2008. As a result of the delay in notifying petitioner that his original writ had been filed on the wrong form, petitioner contends that he is entitled to equitable tolling of the AEDPA statute of limitations.[1]

A delay by state officials in processing an application for state post-conviction relief is not, by itself, grounds for equitable tolling. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1564 (2000), *quoting Rashidi v. American President Lines*, 96 F.3d 124, 128

---

[1] Petitioner is not entitled to statutory tolling because a state writ filed on the wrong form is neither "properly filed" nor "pending" within the meaning of 28 U.S.C. § 2244(d)(2). *See Green v. Dretke*, No. 3-02-CV-0395-D, 2004 WL 572358 at *14 (N.D. Tex. Mar. 22, 2004), *appeal dism'd*, No. 04-10673 (5th Cir. Jul. 22, 2004) ("When the State refuses to file an application that is in improper form, the rejected application clearly does not toll the limitations period.").

(5th Cir. 1996) (equitable tolling is warranted only "where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights."). However, a substantial delay of several months may qualify for equitable tolling if the petitioner "pursued the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *reh'g granted on other grounds*, 223 F.3d 797 (5th Cir. 2000). In this case, petitioner waited 359 days after his conviction became final before mailing his non-conforming state writ to the district clerk. This unexcused delay suggests that petitioner did not diligently pursue his state post-conviction remedies and justifies rejecting his equitable tolling argument outright. *See Gundrum v. Quarterman*, 191 Fed.Appx. 313, 314, 2006 WL 2051053 at *1-2 (5th Cir. Jul. 24, 2006) (petitioner who waited nine months after PDR was denied before filing state writ, leaving only 90 days before the end of the limitations period, did not act with diligence and was not entitled to equitable tolling); *Webb v. Dretke*, 165 Fed.Appx. 375, 376, 2006 WL 304051 at *1 (5th Cir. Feb. 9, 2006) (same as to petitioner who waited 11 months after conviction became final before delivering state writ to prison officials for mailing); *Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 1834 (2000) (petitioner who waited almost one year to file state writ not entitled to equitable tolling); *Warren v. Quarterman*, No. 3-06-CV-1529-M, 2006 WL 3478055 at *2 (N.D. Tex. Nov. 30, 2006) (same as to petitioner who waited 346 days to file state writ); *Gray v. Dretke*, Nos. 3-04-CV-2295-P & 3-04-CV-2303-P, 2005 WL 1133860 at *4 (N.D. Tex. May 10, 2005), *rec. adopted*, 2005 WL 1630030 (N.D. Tex. Jul. 7, 2005) (same as to petitioner who waited 350 days to file state writ).

Petitioner questions how respondent can argue lack of diligence "when he does not know when counsel was sought, when counsel was retained, how long it took to collect and review records, how long it took to investigate the case, nor how long it took to locate witnesses and obtain their

affidavits." (Pet. Reply at 4). However, it is petitioner, not respondent, who must persuade the court that he has exercised due diligence. *See Savedra v. Dretke*, No. 3-03-CV-1789-G, 2005 WL 900949 at *3 (N.D. Tex. Apr. 19, 2005), *rec. adopted*, (N.D. Tex. May 9, 2005), *citing Frazier v. Rogerson*, 248 F.Supp.2d 825, 833 (N.D. Iowa 2003). Here, petitioner offers no proof that he pursued his post-conviction remedies with "diligence and alacrity" beyond a laundry list of possible reasons that could have delayed the filing of his state writ. The only specific reason given by petitioner is "scheduling conflicts and other problems which prevented [two witnesses] from more timely executing their affidavits." (Pet. Reply at 4 n.1). Even if the court assumes that the two witnesses, Nicole McLean and Ellen Beck, were unavailable until shortly before petitioner attempted to file his state writ on February 15, 2008, their affidavits do not appear to have been submitted with that writ. In fact, McLean and Beck did not execute their affidavits until February 20, 2008 and February 25, 2008, respectively, days after the writ was mailed to the district clerk. (*See* St. Hab. Tr. at 72-73). Any suggestion that petitioner could not mail his state writ until he obtained affidavits from these witnesses is negated by the record.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 15, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE